IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   3:18cr479

        Plaintiff,

v.   **ORDER**

Holden Gallagher,

        Defendant,

This is a criminal case in which the defendant stands indicted on child pornography charges. Pending is his motion to suppress evidence F.B.I. officers recovered following execution of a search warrant. The defendant claims the information underlying the warrant was stale. Even if not, the affidavit, he alleges, failed to show probable cause. (Doc. 46).

The government disputes those contentions. As a backstop, it cites the good faith exception to the exclusionary rule to save the search, were I to find the defendant's substantive challenges well taken. (Doc. 47).

For the reasons that follow, I agree with the government and deny the motion to suppress.

**Background**

On July 23, 2015, an F.B.I. Special Agent Steven Mueller obtained the search warrant, which authorized a search of defendant's residence. The warrant's objective was to look for and recover evidence of child pornography, especially that which might be cached on electronic devices.

The Agent's affidavit in support of the warrant request was nearly nineteen single-spaced pages long. (Doc. 47-1, Page ID ¶¶ 123-54). Its core contentions related two instances in April, 2015 when the Agent had observed the downloading of files containing child pornography onto a

peer-to-peer (P2P) file-sharing site. Follow-up investigation disclosed that the downloading computer, though not registered in the defendant' name, was located at his residence.[1]

The first download was on April 26, 2015. It contained two images of a boy of eleven. He was lying naked and full-length on a bed; the focus was on his genitals.

The second download, made the next day, came from the same computer`. It consisted of two files. They included various images and descriptions of young boys engaged in sex acts. Among the images were those of the eleven-year-old boy; accompanying text describe sex acts being committed on the boy. This download also related sex acts committed on his six-year-old brother.

The Agent believed those materials came from "what looks to be a magazine cover, with the title 'Boy Fuck, Sex with Kids. Nothing says Valentine's Day better than roses."

The April 27th downloaded files also included material described as "Boys in action-O32-Preteen Pedo Boy jpg," with the accompanying description, "Image of two pubescent males naked on a bed having anal intercourse; one male is lying with his legs over his head and the other male is kneeling beside him." (*Id.,* 26-28).

As the defendant correctly points out, the affidavit contains no other references to images of child pornography than those from the April 26 and 27 downloads. Thus, there is no other direct evidence that the defendant's computer ever contained any other child pornography. Thus, the defendant contends, the affidavit fails to show probable cause, thereby invalidating the warrant and requiring me to suppress the evidence found during the warrant's execution.

---

[1] Persons seeking and acquiring or making child pornography freely available to others of a like mind commonly use P2P sites to accomplish those purposes.

That snapshot of the affidavit, though accurate is incomplete, and overlooks its other contents and the inferences the Magistrate Judge could reasonable draw from the entirety of the affidavit.

First, the Agent relates his training and experience with regard to child pornography. (*Id.,* ¶¶ 1-9). This background gives credibility and reliability to his request for the search warrant.

The Agent next described at length how the computer age has transformed the creation, distribution, and retention/collection of child pornography. Those creating such material no longer use film cameras and darkrooms to create their images one-by-one; now they generate great volumes of images in less time than needed to take to shoot and develop a roll of film. Equally swift, computerized transmission, distribution, and access has created a vast and dismal swamp of pornographic images of children. (*Id.,* Page ID 135-37, ¶¶ 6-14).

Of specific pertinence is the Agent's description of how peer-to-peer file sharing works:

> One of the advantages of P2P file sharing is that multiple files may be downloaded in parallel. This means that the user can download more than one file at a time. In addition, a user may download parts of one file from more than one source computer at a time. For example, a P2P user downloading an image file may actually receive parts of the image from multiple computers. The advantage of this is that it speeds up the time it takes to download the file. Often, however, a P2P user downloading an image file receives the entire image from one computer.

(*Id.*, Page ID 137, ¶ 15).

The high-speed offloading and inputting of multiple files *via* one's computer that P2P file sharing makes readily and covertly available is of obvious and tempting attraction to someone interested in viewing child pornography. P2P file sharing amplifies the already easy access to and acquisition and storage of such material encouraging, and making highly likely the creation of virtual, but secretive child pornography libraries.

The defendant's motion to suppress focuses on two alleged flaws in the affidavit: 1) the nearly three-month delay between the twice observed downloads and submission of the application for the warrant, made the application dependent on stale information; and 2) just as one robin does not make a Spring, two downloads, in defendant's view, were not enough to justify a reasonable expectation that a large numbers of images would be found nesting in the defendant's devices.

I disagree.

## Discussion

Both issues related to whether the sought-for evidence was to be found on the premises to be searched and in the devices and data to be seized.[2]

I turn first to the question, which the defendant frames as one of whether there was probable cause to believe that the defendant was a "collector" of child pornography. Put another way: was there adequate reason to believe that there was more to be found on his electronic devices in light of what he had already showed and offered to his fellow P2P users?

I believe there was. First: there is the nature of the P2P site itself. Why is it not reasonable for the Magistrate Judge to conclude that one participates in P2P file *sharing* not just to give, but to get? Else why bother participating just once in such a risky and illegal activity? The defendant's probable cause argument implies that there was no reason to believe he had any, much less more child pornography – *i.e.,* that he had used P2P to divest himself of all he had previously saved. If so, why, *via* P2P, share those files, thereby adding to an already vast volume of pornography? Why not just delete them from your computer instead?

---

[2] There is no doubt about the third element – namely, probable cause to believe the defendant had committed a crime.

Moreover, is it not entirely reasonable to conclude that, given the two-way flow *via* P2P, that the defendant took for himself – and kept what he took? And isn't, along with the ease of acquisition, the ability to store nearly limitless quantities of readily retrievable images itself an inducement to collection and long-term retention?   accessible, nearly limitless, and long-lasting storage their own inducement to retention? And isn't this more so with pornographic digital images, given their easy storage, and retrieval? Moreover, once secreted in a (likely password protected) computer, the collection can remain forever hidden from the view of others.

These manifold considerations enhance the likelihood that, as the affidavit indicated, "files which were uploaded or downloaded . . . [are] often maintained indefinitely until overwritten by other data." Taken together, the representations in the affidavit, read in the light of not just the Agent's experience, but that of the Magistrate Judge as well, supplied ample probable cause that the Agents would find a collection of child pornography on the defendant's electronic devices.

Sixth Circuit caselaw supports my conclusion that Magistrate Judge Knepp had probable cause to make such finding. The court has observed, "[h]aving succeeded in obtaining images, collectors are unlikely to destroy them. . . ." *United States v. Hampton*, 504 Fed.Appx. 402, 405, 2012 WL 5382946, at *3 (6th Cir., 2012). "A judge may rely on the affiant's knowledge of the conduct of collectors of child pornography—that they keep such collections for long periods of time," *United States v. Blevins*, 2019 WL 5866142, at *14 (E.D.Tenn., 2019). *See also  United States v. Watson,* F.Supp.2d, 2010 WL 2788244 (E.D. MI, 2010) ("[T]he finding of an ongoing crime [i]s based on the fact that individuals retain and store images of child pornography for long periods of time.

Moreover, there was nothing stale or outdated about the information – the details of April downloads – on which Judge Knepp relied in making his probable cause finding. Distribution of

some child pornography suggests – at least to the level of probable cause – that, after only three months have passed, that child pornography was likely still on the defendant's devices. That was a far greater likelihood than the possibility there would be "no there there."

Even were none of the foregoing so, the good faith exception certainly precludes suppression.

To apply the factors from *United States v. Leon*, 468 U.S. 897, 922 (1984): the defendant does not suggest, nor could he, that the affidavit contained misleading statements, or that the Magistrate Judge departed from his obligation of neutrality. The affidavit is not so lacking in indicia of probable cause as to cause the Agent's belief that he had met that standard unreasonable, much less entirely so. Finally, the warrant and its underlying affidavit are hardly so facially deficient that no sensible F.B.I. Agent could not reasonably presume it to be valid.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT defendant's motion to suppress (Doc. 46) be, and the same hereby is denied.

The Clerk shall forthwith schedule a status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge