**In the United States District Court,
Northern District of Ohio,
Western Division**

| | |
|---|---|
| United States of America, | Case No. 3:18-cr-0479 |
| Plaintiff, | Judge James G. Carr |
| v. | |
| Holden Gallagher, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines**.** (Doc. 110). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/23/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Notice of No Intent to Supplement (Doc. 111). The Government has filed a Response in Opposition. (Doc. 112). Defendant filed a Reply.[1] (Doc. 113).

**Background**

The Defendant entered a plea of guilty to three counts of violation of child pornography laws.[2] (Doc. 63). After various adjustments, his Offense Level was calculated to be 39. (Doc. 85,

---

[1] In his Reply, Defendant attempts to clarify his Motion stating he is not necessarily asking for a sentence reduction. He is seeking to have the two criminal history points dropped so that he may be eligible for an earlier transfer to a low security facility. (Doc. 113, pgID 975). I defer this request to the United States Pretrial and Probation Office.

[2] Sexual Exploitation of a Child, Receipt and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, and Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct.

pgID 752-4). His criminal history score was five, placing him in a Criminal History Category III. (*Id.* at 755). However, being deemed a repeat and dangerous offender against minors, his final Criminal History Category was elevated to a V. (*Id.*). The resulting Guideline Range was 360 months to life. (*Id.* at 758).

Each Count to which Defendant pled guilty carries a mandatory minimum sentence. (Count 1 – 25 years; Count 2 – 15 years; and Count 3 – 10 years). (*Id.*). On March 16, 2022, I sentenced Defendant to 360 months as to Count 1, 180 months as to Count 2, and 120 months as to Count 3 to run concurrently for a total term of 360 months custody. (Doc. 90, pgID 796-803).

**Discussion**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. Under revised § 4A1.1(e), a person who otherwise presents seven or more criminal history points receives one additional "status" criminal history point, instead of two, while a person who otherwise presents six criminal history points or less, receives no status points.

Under Part A of the amended provision as applied to Defendant, he would receive no status points, instead of the two assigned to him. While this would now lower his criminal history score from a five to a three, Defendant's Criminal History Category would remain unchanged because he is a repeat and dangerous sex offender against minors. This automatically places him in a Criminal History Category V.

Since there is no change to Defendant's Criminal History Category, there is no change to his Guideline Range. So he is not eligible for sentence reduction.

For the foregoing reasons, it is hereby

ORDERED THAT: The Defendant's Motion to Reduce Sentence (Doc. 110) be, and the same hereby is, **denied**.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge